United States District Court
Southern District of Texas
**ENTERED**
June 05, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAHIMI ROMERO MARZO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-2641 |
| | § | |
| MARK WAYNE MULLIN, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Tahimi Romero Marzo ("Petitioner"), a citizen of Cuba, entered the United States at a port of entry on an unknown date.[1]  Upon her arrival she was charged with removability and was paroled into the United States.[2]  A year later, Petitioner applied for adjustment of status under the Cuban Adjustment Act.[3]  On an unknown date, Petitioner was detained by Immigration and Customs Enforcement.[4]  On January 28, 2026, an immigration judge ordered Petitioner

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Habeas Petition"), Docket Entry No. 1, p. 5 ¶ 12; United States' Motion to File a Late Response, Response, and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 6, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 5 ¶ 12.

[3]Id. ¶ 13.

[4]Id. ¶ 14.

removed.[5]   Petitioner has appealed that decision and remains in immigration custody.[6]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).   Petitioner argues that her detention without a bond hearing violates the Immigration and Nationality Act and due process, and is ultra vires, agency action.[7]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 6).   Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because she is an applicant for admission.[8]   Petitioner has filed a reply.[9]

As the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Id. at 498, 502.   Moreover, Petitioner's claim that Respondents are acting ultra vires "fails because it rests on [her] assertion that [s]he is being detained under § 1226(a), but that in turn, is based on an interpretation of §§ 1225 and 1226 that the Fifth Circuit rejected in Buenrostro-Mendez."   Socarras Bastida v. Noem, CIVIL

---

[5]Id. at 6 ¶ 15.

[6]Id. ¶¶ 15-16.

[7]Id. at 6-13 ¶¶ 18-49.

[8]Respondents' MSJ, Docket Entry No. 6, pp. 1-3.

[9]Petitioner's Response in Opposition to Respondents' Motion for Leave to File a Late Response and Motion for Summary Judgment, Docket Entry No. 7.

ACTION NO. 4:26-CV-00339, 2026 WL 800189, at *1 (S.D. Tex. Mar. 23, 2026).

Petitioner's detention without a bond hearing does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, United States' Motion to File a Late Response and Motion for Summary Judgment (Docket Entry No. 6) is **GRANTED**, and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 5th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-